UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| STEVE D. KRITSCH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | No. 1:12-cv-00826-DKL-JMS |
| MICHAEL J. ASTRUE Commissioner of ) | |
| the Social Security Administration, ) | |
| ) | |
| Defendant. ) | |

**ENTRY ON JUDICIAL REVIEW**

Plaintiff Steve D. Kritsch ("Kritsch") requests judicial review of the decision of Defendant Carolyn W. Colvin, Acting Commissioner of the Social Security Administration (the "Commissioner"),[1] denying Kritsch's application for disability insurance benefits ("DIB") and supplemental security income ("SSI") disability benefits. For the reasons set forth below, the Commissioner's decision is **AFFIRMED.**

**I.   BACKGROUND**

   **A.  Procedural History**

Kritsch filed applications for Supplemental Security Income ("SSI") and Disability Insurance Benefits ("DIB") on June 24, 2008, alleging an onset of disability of September 1, 2007.  [Dkt. 10-2 at 9.]  Kritsch's applications were denied initially on

---

[1] Carolyn W. Colvin became the Acting Commissioner of the SSA on February 14, 2013, while this case was pending.  Pursuant to Fed. R. Civ. P. 25(d), she is substituted for the former Commissioner Michael J. Astrue.

October 6, 2008, and upon reconsideration on December 29, 2008. [Id.]  Kritsch requested a hearing, which was held on December 21, 2010 before Administrative Law Judge Stephen E. Davis ("ALJ").  The ALJ denied Kritsch's application on February 16, 2011.  [Dkt. 10-2 at 6.]  The Appeals Council denied Kritsch's request for review of the ALJ's decision on May 4, 2012, making the ALJ's decision final for purposes of judicial review.  Kritsch filed his Complaint with this Court on June 14, 2012.  [Dkt. 1.]

### B. Factual Background and Medical History

Kritsch was born on November 1, 1950 and was 60 years old at the time of the hearing.  Prior to the alleged onset of disability, Kritsch worked for 39 years as a sheet metal worker.  After high school, Kritsch attended four years of trade school as a journeyman sheet metal worker.  In 2003, Kritsch suffered a broken vertebra and was off work for 14 months.  Following the injury, Kritsch received treatment through worker's compensation but did not receive disability benefits.  Kritsch's treatment consisted of physical therapy.  He did not have surgery and has not taken pain medication since the fourteen-month time period he was off work.

Kritsch alleges immune thrombocytopenic purpura ("ITP," a blood clotting disorder), chronic obstructive pulmonary disease ("COPD," a lung disease that impairs breathing) and chronic lower back pain.  He testified that he was unable to walk for more than a block or two or stand for more than 15 to 30 minutes without having to rest his back.  He further testified that he could not lift more than 15 pounds without experiencing a deeper pain through his lower back.  Kritsch asserts he typically stays

around the house watching TV, but he does enjoy playing a par-three golf course if he can use a golf cart.

In 2007, Kritsch was diagnosed with COPD and ITP.  The medical records reflect multiple visits to Dr. Michael Slaughter, a hematologist, and Dr. Charles Kinsella, an internist, to address symptoms such as coughing, shortness of breath and fatigue.  Dr. Slaughter noted that Kritsch was a pack and a half to two pack a day smoker from the age of 26.  Kritsch's ITP was successfully treated with steroid therapy and Dr. Kinsella reported that his COPD was treatable with a bronchodilator (inhaler).  In November of 2008, Kritsch reported to his primary care physician Dr. Roger Core that he had no chest pain or shortness of breath.

Dr. Doug Poplin performed a consultative examination on Kritsch on August 15, 2008.  While Kritsch reported chronic lower back pain, Dr. Poplin noted that he had no limitations in meeting the demands of the examination.  On October 3, 2008, a lumbar X-ray indicated minimal degenerative changes of the lumbar spine that were within normal limits for a person of his age.  A state agency medical consultant, Dr. Sands, concluded based upon X-rays and testing that the pulmonary and musculoskeletal impairments reported by Kritsch are not severe.

Follow-up visits to Dr. Core on December 10, 2009 and February 3, 2010, revealed no headache or chest pain with shortness of breath only upon exertion.  Dr. Core noted that "Overall he has been doing well . . . enjoys retirement, playing cards, golfing." [Dkt. 10-11 at 61.]

## II. LEGAL STANDARDS

### A. Standard for Proving Disability

To be eligible for SSI and DIB, a claimant must show he is unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). To evaluate a disability claim, an ALJ must use the following five-step inquiry:

Step One: Is the claimant currently employed;

Step Two: Does the claimant have a severe impairment or combination of impairments;

Step Three: Does the claimant's impairment meet or equal any impairment listed in the regulations as being so severe as to preclude substantial gainful activity;

Step Four: Can the claimant perform his past relevant work; and

Step Five: Is the claimant capable of performing any work in the national economy?

20 C.F.R. §§ 404.1520. *See also Dixon v. Massanari*, 270 F.3d 1171, 1176 (7th Cir. 2001). The individual claiming disability bears the burden of proof at steps one through four. *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987). If the claimant meets that burden, then the SSA has the burden at Step Five to show that work exists in significant numbers in the national economy that the claimant can perform, given his age, education, work experience and functional capacity. 20 C.F.R. § 404.1560 (c) (2).

### B. Standard for Judicial Review

An ALJ's decision will be upheld so long as the ALJ applied the correct legal standard, and substantial evidence supported the decision. *Barnett v. Barnhart*, 381 F.3d 664, 668 (7th Cir. 2004). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (internal quotation omitted). This limited scope of judicial review follows the principle that Congress designated the Commissioner, not the courts, to make disability determinations:

> In reviewing the decision of the ALJ, we cannot engage in our own analysis of whether [the claimant] is severely impaired as defined by the SSA regulations. Nor may be reweigh evidence, resolve conflicts in the record, decide questions of credibility, or, in general, substitute our own judgment for that of the Commissioner. Our task is limited to determining whether the ALJ's factual findings are supported by substantial evidence.

*Young v. Barnhart*, 362 F.3d 995, 1001 (7th 2004). Where conflicting evidence allows reasonable minds to differ as to whether a claimant is entitled to benefits, the court must defer to the Commissioner's resolution of this conflict. *Binion v. Chater*, 108 F.3d 780, 782 (7th Cir. 1997). The ALJ is required to articulate a minimal, but legitimate, justification for her decision to accept or reject specific evidence of a disability. *Scheck v. Barnhart*, 357 F.3d 697, 700 (7th Cir. 2004). "An ALJ need not specifically address every piece of evidence, but must provide a 'logical bridge' between the evidence and his conclusions." *O'Connor-Spinner v. Astrue*, 627 F.3d 614, 618 (7th Cir. 2010) (citation omitted).

### III.   DISCUSSION

Kritsch contends the ALJ erroneously found his impairments were "not severe" at Step Two and therefore did not continue the sequential evaluation process. An impairment or combination of impairments is "severe" if it significantly limits an individual's ability to perform basic work activities. 20 C.F.R. § 404.1521(a) (basic work activities include physical activities such as sitting, standing, and lifting and mental activities such as understanding and carrying out simple instructions); 20 C.F.R. § 404.1521(b). An impairment is "not severe" when medical or other evidence establish only a slight abnormality or a combination of slight abnormalities that would have no more than a minimal effect on an individual's ability to work. *See Lopez–Navarro v. Barnhart,* 207 F.Supp.2d 870, 881 (E.D. Wis. 2002); *Dunn v. Sullivan,* 1993 WL 730745 at 4 (N.D. Ill. 1993); S.S.R. 85–28.

Kritsch asserts that he has been diagnosed with chronic low back pain, COPD, acute right rib fracture or intercostals muscle strain, hypothyroidism, hypertension and thrombocytopenia and suffers from chronic fatigue and shortness of breath. Based upon these potential impairments, Kritsch argues it was error to conclude no combination of them rises to the level of "severe." The Court disagrees.

It is Kritsch's burden at Step Two to establish he has a severe impairment. He cites Dr. Poplin's observations from his consultative examination that he had "decreased breath sounds, normal gait stability with fair speed and poor sustainability due to dyspnea, some reduced range of motion of the lumbar spine, tender lumbar spine, and decreased strength throughout at 4/5." [Dkt. 15 at 11.] Yet these

observations, at best, describe only a minor limitation in Kritsch's physical abilities. While Kritsch further asserts that his own testimony supports a finding of a severe impairment, that testimony must be consistent with the medical records. In this case, it is not.

The Court may not reweigh the evidence or substitute its judgment for that of the Commissioner. *Young v. Barnhart*, 362 F.3d 995, 1001 (7th 2004). The issue here is whether substantial evidence supports the Commissioner's decision that Kritsch's impairments are not severe enough to limit his ability to perform work-related activities. The medical record includes the following evidence:

- Minimal limitations associated with chronic back pain that have not required surgery or the recent use of pain medications;

- COPD that is well controlled with a bronchodilator;

- ITP that was successfully treated with steroid therapy;

- Treating physician opinion that Kritsch is doing well and enjoys golf; and

- Two state agency medical consultant opinions that Kritsch's pulmonary and musculoskeletal impairments are not severe.

Based upon these records, the ALJ reasonably concluded there was "no evidence to the contrary establishing that the claimant's impairments cause more than minimal functional limitations. . ." [Dkt. 10-2 at 13.] The Court finds the determination that Kritsch's impairment is not severe is supported by substantial evidence.

## IV.     CONCLUSION

The standard for disability claims under the Social Security Act is stringent.  The Act does not contemplate degrees of disability or allow for an award based on partial disability.  *Stephens v. Heckler*, 766 F.2d 284, 285 (7th Cir. 1985).  Furthermore, the standard of review of the Commissioner's denial of benefits is narrow.  The Court reviews the record as a whole, but does not re-weigh the evidence or substitute its judgment for the ALJ's.  *Terry v. Astrue*, 580 F.3d 471, 475 (7th Cir. 2009).  The Court must uphold a decision where, as here, it is supported by substantial evidence in the record.  As the Court cannot find a legal basis to overturn the ALJ's determination that Kritsch does not qualify for disability benefits, the Commissioner's decision is **AFFIRMED**.

Date: 09/04/2013

Denise K. LaRue
United States Magistrate Judge
Southern District of Indiana

Distribution:

Charles D. Hankey
charleshankey@hankeylawoffice.com

Thomas E. Kieper
UNITED STATES ATTORNEY'S OFFICE
tom.kieper@usdoj.gov